**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00081-CR**
_____

**TERRY RAY MATHEWS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 94-01-00028 CR**

**MEMORANDUM OPINION**

In this appeal, counsel for the appellant filed a brief stating that there are no arguable points of error that would allow the appellant to obtain relief from his conviction; after reviewing the record, we conclude that no arguable issues support Terry Ray Mathews's appeal. *See Anders v. California*, 386 U.S. 738 (1967).

Mathews pled guilty to an indictment that alleged he committed an aggravated sexual assault against a child. *See* Tex. Penal Code Ann. § 22.021

1

(West Supp. 2012).[1] After considering the pre-sentence investigation report and the arguments of counsel, the trial court deferred adjudication of Mathews's guilt, placed Mathews on community supervision for ten years, and assessed a fine of $2,000.

Subsequently, by motion, the State asked the trial court to revoke its community supervision order and to find Mathews guilty of having committed the offense alleged in the indictment. Mathews entered a plea of true to the allegations in the State's motion to revoke; at the conclusion of the hearing, the trial court found Mathews guilty of aggravated sexual assault, sentenced him to serve twenty-five years in prison, and assessed a fine of $10,000.

On appeal, Mathews's counsel filed a brief which presents counsel's professional evaluation of the record; the brief concludes that Mathews's appeal is frivolous. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time to allow Mathews to file a *pro se* brief, but he did not do so.

After reviewing the appellate record, we agree with counsel's conclusion that no arguable issues support Mathews's appeal. Consequently, we need not order the appointment of new counsel to re-brief Mathews's appeal. *Cf. Stafford v.*

---

[1]We cite to the current version of the statute, as the subsequent amendments that were made to section 22.021 are not relevant to Mathews's appeal.

*State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[2]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on September 16, 2013
Opinion Delivered October 16, 2013
Do Not Publish

Before Gaultney, Kreger and Horton, JJ.

---

[2]Appellant may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.